UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SIGFREDO PRIETO**

**Plaintiff,**                                                                  **Case Number:**

**v.**

**PINTO TRANSPORT, INC.,**

**Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sigfredo Prieto, by and through his undersigned counsel, brings this action for back wages, liquidated damages, attorneys' fees/costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA") and Chapter 448.08 of the Florida Statutes against Defendant, Pinto Transport , Inc. Plaintiff hereby alleges that Defendant violated the FLSA when it intentionally neglected, refused, and failed to pay Plaintiff minimum wages for all hours worked during one or more workweeks for Defendant. Plaintiff also alleges that Defendant neglected, refused, and failed to pay Plaintiff all earned wages during one or more workweeks. At all relevant times, Plaintiff was entitled to be paid at least minimum wages, and agreed upon wages, for all hours worked for Defendant during each workweek of Plaintiff's employment.

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of Orange County, Florida.

2. Defendant is a foreign for-profit corporation headquartered in Polk County, Florida.

3. Defendant operates a trucking enterprise in Polk County, Florida.

4. Plaintiff was employed by Defendant as truck driver in Polk County, Florida.

5. Defendant is an employer as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways, and byways and products and supplies (that are used in connection with services provided to Defendant's customers) that do not originate from Florida.

6. Defendant advertises its services online via internet advertising websites, which are made available to persons outside the State of Florida.

7. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that Defendant is a multi-million-dollar operation that has considerable expertise in trucking industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

8. At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA.

9. Plaintiff's duties involved interstate commerce, including but not limited to, frequently driving along highways, byways, and interstate roads to deliver products and goods to out-of-state entities on behalf of Defendant and in the course and scope of Defendant's business.

10. Defendant is an Employer as defined by the FLSA.

11. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Polk County, including those brought pursuant to the FLSA.

12. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims brought under Chapter 448.08 of the Florida Statutes because Plaintiff's claims brought under Chapter 448.08 of the Florida Statutes are so related to Plaintiff's FLSA claims and form the same case or controversy.

**FACTS**

13. Plaintiff worked for Defendant as an interstate truck driver during the three (3) years prior to the initiation of this lawsuit.

14. Defendant hired Plaintiff as truck driver in approximately March 2020 agreed to pay Plaintiff $1,250 per week for providing truck driving services to Defendant

15. As an interstate truck driver, Plaintiff was required to strictly follow Defendant's guidelines, policies, and procedures when performing his truck driving duties for Defendant.

16. At all times during Plaintiff's employment, Plaintiff drove the truck assigned to him by Defendant.

17. At all times during Plaintiff's employment, Plaintiff hauled the loads assigned to him by Defendant and made the deliveries assigned to him by Defendant.

18. At all times during Plaintiff's employment, Defendant controlled maintained and exercised control over the manner and method in which Plaintiff completed his duties.

19. Plaintiff regularly and routinely drove goods and materials across stateliness in the normal performance of his job duties and responsibilities.

20. Plaintiff did not have any decision-making authority regarding matters of significance.

21. Plaintiff did not have the ability to exercise discretion as to matters of significance.

22. Plaintiff did not have the authority to hire employees for Defendant.

23. Plaintiff did not have the authority to fire Defendant's employee.

24. Plaintiff did not create corporate strategy, corporate policies, or corporate budget.

25. Plaintiff did not exercise discretion as to matters of significance during his employment with Defendant.

26. Defendant was required to pay Plaintiff at least minimum wages for all hours worked for Defendant during each workweek of employment.

27. Based on Plaintiff's job duties, lack of responsibility, and lack of decision-making authority, Plaintiff should have been classified as a non-exempt hourly employee entitled to receive at least minimum wages for all hours worked for Defendant.

28. Defendant failed to record, and did not allow Plaintiff to record, all hours worked during his employment with Defendant.

29. . Plaintiff is entitled to be paid minimum wages for all hours worked for Defendant in a single workweek. However, Defendant did not properly record all hours worked by Plaintiff and did not pay Plaintiff at least minimum wages for all hours worked by Plaintiff.

30. Defendant regularly scheduled Plaintiff to work more than forty hours in a single workweek.

31. Defendant was aware that Plaintiff worked more than 40 hours per week during the majority of his employment with Defendant.

32. Plaintiff regularly worked more than forty hours in a single workweek while employed by Defendant.

33. Indeed, Plaintiff regularly worked 60 or more hours during a single workweek.

34. Defendant has consistently failed, refused, and neglected to compensate Plaintiff at least the minimum wage for all hours worked beyond for Defendant during a single workweek.

35. Defendant intentionally circumvented the FLSA to avoid the protections afforded to employees under the FLSA.

36. Defendant engaged in an illegal practice of circumventing the FLSA and the protections contained therein in order to benefit Defendant and deprive Plaintiff of compensation.

37. Specifically, Defendant intentionally refused to pay Plaintiff minimum wages for all hours that Plaintiff worked for Defendant during each week of employment.

38. Additionally, Defendant engaged in an illegal practice of circumventing the Chapter 448.08 of the Florida Statutes and the protections contained therein in order to benefit Defendant and deprive Plaintiff of compensation by neglecting, failing, and refusing to compensate Plaintiff the agreed upon rate of $1,250 per week.

39. Plaintiff has been financially damaged by Defendant's actions stated above and brings this Complaint to recover the owed back wages, liquidated damages, attorney's fees, and costs.

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39, above.

41. Plaintiff was employed by Defendant as a truck driver.

42. Plaintiff was entitled to be compensated at least the minimum wage for all hours worked for Defendant.

43. Plaintiff regularly worked more than sixty hours in a single workweek for the benefit of Defendant.

44. The hours worked by Plaintiff were at the behest of Defendant and Plaintiff worked her hours in an open and obvious manner.

5

45. Defendant has failed, refused, and/or neglected to allow Plaintiff to record all hours worked by Plaintiff in a single workweek.

46. Defendant has failed, refused, and/or neglected to compensate Plaintiff at least the appropriate minim wages for all hours worked by Plaintiff in a single workweek.

47. Plaintiff was a non-exempt employee entitled to at least minimum wages for all hours worked for Defendant during a workweek.

48. Defendant intentionally scheduled Plaintiff to work more than forty hours in a single workweek and intentionally avoided paying Plaintiff at least minimum wages for all hours worked by Plaintiff in a workweek.

49. Defendant violated the FLSA when it failed, refused, or neglected to compensate Plaintiff at a rate equivalent to, or in excess of, the appropriate minimum wage for all hours worked by Plaintiff during each workweek of his employment.

50. Plaintiff has been damaged financially as a direct result of Defendant's illegal practice of refusing to compensate Plaintiff at a rate of at least minimum wage for all hours worked by Defendant during each workweek that Plaintiff was employed by Defendant.

### COUNT II – RECOVERY OF UNPAID WAGES IN ACCORDANCE WITH CHAPTER 448.08 OF THE FLORIDA STATUTES

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39, above.

52. Plaintiff was employed by Defendant as a truck driver.

53. Defendant agreed to compensate Plaintiff at a rate of $1,250 per week.

54. Plaintiff was entitled to be compensated by Defendant at a rate of $1,250 per week.

55. Plaintiff regularly and faithfully performed truck driving services for Defendant at all times during Plaintiff's employment with Defendant.

56. The hours worked by Plaintiff were at the behest of Defendant and Plaintiff worked her hours in an open and obvious manner.

57. Defendant has failed, refused, and/or neglected to allow compensate Plaintiff $1,250 for each week worked by Plaintiff for Defendant.

58. Defendant intentionally refused to compensate Plaintiff at the rate of $1,250 per week in order to deprive Plaintiff of his earned wages.

59. Defendant violated Chapter 448.08 of Florida Statues when it failed, refused, or neglected to compensate Plaintiff the total weekly wages owed to Plaintiff.

60. Plaintiff has been damaged financially as a direct result of Defendant's illegal practice of refusing to pay Plaintiff all wages owed to Plaintiff.

WHEREFORE, Plaintiff requests a jury trial and demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid minimum wages, owed wages, back wages, and liquidated damages, together with interest, costs, and attorney's fees pursuant to the FLSA and Chapter 448.08 of Florida Statues, and such other further relief as this Court deems just and proper.

DATED this 31st day of December, 2020,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com